569 A.2d 409

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellant,**

**v.**

**Tyrone David JOHNSON, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 27, 1989.

Decided Jan. 29, 1990.

Melissa K. Dively, Asst. Counsel, with her, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

William J. Gregg, Uniontown, for appellee.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

McGINLEY, Judge.

Before this Court is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Crawford County (trial court) which (1) allowed Tyrone David Johnson (Johnson) to file an appeal nunc pro tunc from suspension of his driver's license by DOT, and (2) sustained Johnson's appeal of the suspension.

In the early morning hours of January 1, 1988, Johnson was the driver involved in a one car accident in Crawford County. Johnson was initially taken by ambulance directly to Meadville Medical Center where he was treated for severe injuries including spinal chord trauma, injuries to the cervical vertebrae, temporary loss of sensation and motion of the body (paralysis) and other injuries. Johnson was later transferred to the St. Vincent Health Center in Erie where he remained in intensive care until January 4, 1988, Johnson was then transferred to St. Vincent Health Center in Erie where he remained in intensive care until January 4, 1988, Johnson was then transferred to St. Vincent's neurological unit where he remained until January 21, 1988. Near the end of his stay at St. Vincent's, Johnson began to regain movement in his toes and other extremities. Johnson was then transferred to Harmarville Rehabilitation Center where he remained until April 26, 1988.

Immediately following the accident, when Johnson was taken to the emergency room at Meadville Medical Center, Lon Pierce (Pierce), a state police trooper, questioned Johnson about the accident. Although Johnson suffered multiple injuries, shock and partial paralysis, Pierce read Johnson his Miranda warnings and the implied consent warning. Pierce testified before the trial court that he asked Johnson to submit to chemical testing of his blood, and Johnson replied "No, I can't."

Pursuant to section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, DOT suspended Johnson's driver's license for failure to submit to a blood alcohol test. Notice of suspension was mailed on February 23, 1988, to Johnson's former Conneaut Lake address. At this time, Johnson was hospitalized at Harmarville Rehabilitation Center. However, Johnson's grandfather, without Johnson's consent, took Johnson's driver's license to a local legislator who forwarded it to DOT.

On July 26, 1988, Johnson filed a petition in the trial court for allowance of an appeal nunc pro tunc from suspension of his operating privileges. After a hearing on October 6, 1988, the trial court concluded that justice required the allowance of an appeal nunc pro tunc. Furthermore, the trial court also concluded that due to the seriousness of Johnson's injuries and the flurry of medical activity, Johnson was incapable of making a knowing and intelligent refusal to take a blood test. Consequently, the trial court sustained Johnson's appeal. DOT appeals to this Court.

DOT presents two issues for our review. First, DOT contends that since Johnson's appeal was untimely filed, the trial court was without jurisdiction to entertain the appeal and erred in considering it nunc pro tunc. Second, DOT contends that Johnson failed to meet his burden of proof by failing to present competent medical evidence to support his alleged physical incapacity to make a knowing and conscious decision to refuse the blood alcohol test.

This Court's scope of review in this matter is limited to determining whether the trial court's findings of fact are

supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth of Pennsylvania,* 103 Pa. Commonwealth Ct. 148, 520 A.2d 83 (1987).

DOT's first contention is that Johnson's appeal was untimely and that the trial court erred in considering Johnson's appeal nunc pro tunc. Specifically, DOT argues that Johnson did not establish the necessary fraud or breakdown in the court's operations through a default of its officers as required for an allowance of a nunc pro tunc appeal. *See Department of Transportation Bureau of Driver Licensing v. Lefever,* 111 Pa. Commonwealth Ct. 105, 533 A.2d 501 (1987).

In *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) our Supreme Court modified the traditional standard for granting an appeal nunc pro tunc by permitting a late appeal on the grounds of non-negligent happenstance. However, in *Ho v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 154, 525 A.2d 874 (1987), this Court noted that although *Bass* has been followed in a number of cases, those decisions have been limited strictly to the unique and compelling factual circumstances presented to the court. *Ho,* 106 Pa. Commonwealth Ct. at 156, 525 A.2d at 875. Also, in *Bass* the Supreme Court recognized that a petitioner, in an appeal nunc pro tunc, must proceed with reasonable diligence once he knows of the necessity to take action.

A review of the record in the case *sub judice* indicates that such unique and compelling factual circumstances do not exist. On February 23, 1988, the date notice of suspension was mailed to Johnson, he was confined to the Harmarville Rehabilitative Center. (Notes of Testimony, October 6, 1988 (N.T.) at 16.) Johnson, who clearly sustained severe injuries including initial total paralysis in what the trial court termed a "horrendous" and "horrible" accident, underwent extensive hospitalization and rehabilitation. Johnson testified that upon his release from Harmarville near

the end of April, he was aware that his license had been suspended as a result of his failure to submit to a blood test. (N.T. at 14–15.) Furthermore, Johnson testified that he engaged his current attorney some time at the end of May. (N.T. at 18.)

Herein, the petition for appeal nunc pro tunc was not filed until July 26, 1988. A review of the record indicates that Johnson has not established any facts which would indicate that the two month delay in filing the appeal after he was aware of the suspension was the result of non-negligent happenstance. Accordingly, we must conclude that the trial court erred as a matter of law. Because we have concluded that the trial court did not have jurisdiction insofar as Johnson's appeal was untimely we need not address the merits of the trial court's determination.

The order of the trial court is reversed and DOT's suspension of Johnson's operating privileges is reinstated.

## ORDER

AND NOW, this 29th day of January, 1990, the order of the Court of Common Pleas of Crawford County is reversed and DOT's suspension of Johnson's operating privileges is reinstated.