**Pocono Medical Center v. East Stroudsburg Area School District**

328

C.P. of Monroe County, No. 1178 CV 2014

*Marc R. Wolfe*, for petitioner.
*Christopher S. Brown*, for respondents.

ZULICK, *J.*, Aug. 19, 2014—This case arises out of the Monroe County Assessment Office's Interim Notice of property assessment of the new Hughes Cancer Center, which was opened by Pocono Medical Center in 2012. The Monroe County Assessment Office issued an interim assessment to "Pocono Hospital" with an effective date of April 30, 2013. PMC failed to timely appeal from the interim notice.

PMC seeks leave to appeal the interim assessment nunc pro tunc in No. 1178 CV 2014 (the "Nunc Pro Tunc Petition"). PMC filed its petition to appeal interim tax assessment nunc pro tunc on February 20, 2014. A rule was issued on the petition and the East Stroudsburg Area School District filed an answer on March 14, 2014. The case was listed for argument on July 7, 2014.

PMC also filed a complaint in No. 1179 CV 2014 on February 20, 2014, seeking a refund of the taxes already paid pursuant to the interim assessment (the "petition for refund"). ESASD filed an answer to the complaint on March 14, 2014 and then a motion for judgment on the pleadings on May 30, 2014. The motion for judgment on the pleadings was also listed for argument on July 7, 2014.

While there is no dispute that the Hughes building should be tax exempt going forward, ESASD has

contested the relief sought by PMC in both cases. ESASD alleges in the proceedings on the nunc pro tunc petition, that PMC lacks a legitimate excuse for its failure to appeal the interim notice, and that a seven month delay is too long as a matter of law. ESASD contends in the complaint for refund proceedings that the matter has already been decided, and that PMC is barred from receiving a refund by operation of law. The cases have been briefed, and the matters were argued before the court on July 7, 2014.

## DISCUSSION

### I. Petition to Appeal Nunc Pro Tunc

This case was listed for argument on petition and answer. No hearing has been held on disputed facts. The facts are thus those admitted in the answer and all averments responsive to the petition which are set forth in the answer. *See* P.R.C.P. 206.7.

The following facts are admitted in the pleadings. PMC operates a hospital and related medical facilities on East Brown Street in East Stroudsburg. PMC built the new Hughes Cancer Center building on tax exempt land it owned adjacent to the existing PMC facilities. The Hughes Cancer Center opened on June 18, 2012 and is connected to the PMC facility by a skywalk over East Brown Street. The Monroe County Assessment Office issued an interim notice of property assessment for the new Hughes Cancer Center with an effective date of April 30, 2013. The interim notice was mailed to "Pocono Hospital" which was listed as the owner. The date of the interim property assessment notice was June 13, 2013. The notice stated in part:

This is a notice of a change in the assessed value on the property described below. If you are aggrieved by

this new assessment, a written statement of intention to appeal must be filed with the Monroe County Board of Assessment Appeals, located at the Monroe County Assessment Office...

IMPORTANT: YOUR STATEMENT OF INTENTION TO APPEAL MUST BE FILED WITH THE BOARD WITHIN FORTY (40) DAYS OF THE DATE OF THIS NOTICE.

Date of Notice: 06/13/13

Name of Owner: POCONO HOSPITAL

Taxing District: 05 East Stroudsburg

Property Code # 05-1 3 3 6-1c

Pin# 05731117018166C1

Property Description:

Effective Date of Interim Assessment: 04/30/13

PMC claims that it has no record of having received the notice, but ESASD denies that claim. *See* ESASD Answer to Petition, ¶ 10. PMC did not file an appeal within forty days of the date of the interim assessment.

PMC petitioned the Monroe County Board of Assessment Appeals (MCBAA) on August 26, 2013 for a determination that the new Hughes Cancer Center building was tax exempt. The petition was granted by the MCBAA for the tax year beginning January 1, 2014, but the MCBAA denied tax exemption for the 2013 interim and 2013-2014 school taxes, because no appeal was filed from the interim assessment.

PMC served a claim for a refund of the 2013 taxes

upon ESASD on October 16, 2013. The ESASD Board denied this request by a 9-0 vote on October 21, 2013. *PMC Petition*, Exhibit E, Letter of Attorney Brown of October 22, 2013. PMC's counsel sent a letter to counsel for ESASD on November 20, 2013, advising ESASD that the Borough of East Stroudsburg and the County of Monroe had agreed to refund the 2013 taxes.

PMC's letter indicated that if ESASD wouldn't agree to refund the taxes, PMC would file a complaint seeking a refund pursuant to 72 P.S. §5566b. *Id.*, Exhibit F, Letter of Attorney Wolfe of November 20, 2013. ESASD responded on December 18, 2013 that it would not refund the taxes. PMC filed the petition to appeal interim tax assessment nunc pro tunc in No. 1178 Civil 2014 and the complaint seeking a refund of the taxes in No. 1179 Civil 2014 on February 20, 2014.

The statutory time limits for filing a tax assessment appeal are mandatory and a judicial extension of the period for appeal is generally not granted. *See Connor v. Westmoreland County Bd. of Assessment Appeal*, 598 A.2d 610, 612 (Pa. Cmwlth. 1991). Leave to file an appeal nunc pro tunc may be granted, however, when the petitioner demonstrates that extraordinary circumstances, such as fraud or its equivalent, or that negligence on the part of administrative officials has led to the untimely appeal. *Id.* In *Connor*, the commonwealth court noted that the failure to properly send a notice may constitute a breakdown in administrative operations, deemed to be equivalent to negligence on the part of administrative officials, warranting the grant of relief. *Id. Accord Union Electric Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000).

The petitioner must also demonstrate that the untimely

appeal was filed with reasonable diligence after the necessity for action was realized. *H.D. v. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000); *Kaminski v. Montgomery County Bd. of Assessment Appeals*, 657 A.2d 1028, 1031 (Pa. Cmwlth. 1995). *See also Amicone v. Rok*, 839 A.2d 1109, 1114 (Pa. Super. 2003).

PMC alleges that the assessment office was negligent for two reasons in this case: (1) the new Hughes Cancer Center was exempt from taxation and should not have been assessed for taxes; and (2) that the interim assessment was mailed to "Pocono Hospital" and not "Pocono Medical Center".

PMC correctly points out that the Hughes Cancer Center has been given tax exempt status as a result of the ruling of the MCBAA on October 2, 2013. That ruling determined that the Hughes Cancer Center was tax exempt for the tax year beginning on January 1, 2014. However, that determination was made after the MCBAA followed statutory procedures to assess newly constructed buildings and PMC filed an appeal from the assessment. The Consolidated County Assessment Law provides in 53 Pa.C.S.A. §8817 (2011) in part as follows:

§8817. Changes in assessed valuation

(a) General rule. — In addition to other authorization provided in this chapter, the assessors may change the assessed valuation on real property when a parcel of land is subdivided in to smaller parcels or when improvements are made to real property or existing improvements are removed from real property or are destroyed. The recording of a subdivision plan shall not constitute grounds for assessment increases until lots

are sold or improvements are installed. The painting of a building or the normal regular repairs to a building aggregating $2,500 or less in value annually shall not be deemed cause for a change in valuation.

*Id.*

When new construction occurs and is assessed pursuant to Section 8817, the assessment office makes an addition to the assessment roll:

(b) Interim revisions to assessment roll. — The county assessment office is authorized to make additions and revisions to the assessment roll at any time in the year to change the assessments of existing properties pursuant to section 8817 (relating to changes in assessed valuation) or add properties and improvements to property mistakenly omitted from the assessment roll as long as notice is provided in accordance with section 8844 (relating to notices, appeals and certification of values). All additions and revisions shall be a supplement to the assessment roll for levy and collection of taxes for the tax year for which the assessment roll was originally prepared.

53 Pa.C.S.A. §8841(c).

The county assessment office is directed to mail this interim notice to the property owner:

§8844. Notices, appeals and certification of values

(a) Notices. — The county assessment office shall mail to each record property owner, at the last known address of the record property owner, and to the affected taxing districts notice of any change in assessment or new assessment made pursuant to section 8841(c) (relating

to assessment roll and interim revisions). The notice shall state:

(1) Mailing date.

(2) Property location.

(3) Parcel identifier.

(4) Effective date.

(5) Established predetermined ratio.

(6) Base-year value.

(7) Old assessment.

(8) New assessment, including the assessment of each parcel of land and the assessed value of any improvements.

(b) Mailing and notice of appeal. — The notice shall be mailed within five days from the date the county assessment office makes the change or addition to its official records. The notice shall state that any persons aggrieved by the assessment and the affected taxing districts may file an appeal to the board within 40 days of the date of the notice. The appeal shall be in writing and shall identify the following:

(1) Appellant.

(2) Property location.

(3) Owner.

(4) Assessment or assessments by which the person is aggrieved.

(5) Address to which notice of the time and place for a hearing of the appeal shall be mailed.

53 Pa.C.S.A. §8844.

PMC's first contention, that it was error for the assessment office to issue the interim assessment notice in the first place, has no merit. The assessor is given the statutory right to reassess a property when there is new construction. The property owner then has the right to challenge the assessment and establish that the newly constructed improvement is also tax exempt, which PMC successfully did in this case for taxes from 2014 forward. The assessor's office acted in accordance with its statutory duty in imposing the interim assessment in the first place.

PMC next contends that there was an administrative breakdown because the assessor's attempt to notify PMC was inadequate. The assessor's office sent the interim assessment notice to "Pocono Hospital, 206 East Brown St, East Stroudsburg, PA 18301". PMC Petition, ¶9, Exhibit A. The assessor is required by statute to send the interim assessment notice to the "record property owner, at the last known address of the record property owner..." 53 Pa.C.S. §8844(a). PMC argues in its petition that this notice was flawed because the assessor "negligently failed to address the interim tax notices to the vice president of finance or any specific person, and PMC has no record of receiving the interim notices." PMC Petition, ¶25. PMC goes further in its brief to argue that the assessor "provided notice to a large complex organization that did not use the correct name of PMC nor was the notice directed to the attention of the president or any other member of PMC's executive management nor to the attention of any specific department in the Medical Center such as the finance department." PMC Brief, page 4.

The assessor is required by law to send assessment notices to the "record property owner, at the last known address of the record property owner." 53 Pa.C.S.A. §8844(a). PMC's petition states that in 1988, the name of the institution was changed from "Pocono Hospital" to "Pocono Medical Center." However, the pleadings do not establish that the "record property owner" name was ever changed. Nor do the pleadings establish that the assessor sent the interim tax notice to an address other than the "last known address of the property owner." PMC has not made a factual record that PMC ever made any effort to change the address of the institution on the records of the assessor to the name of Pocono Medical Center, or to direct the assessor to send any notices to a particular officer or employee of the institution. The assessor served the notice at the last address of record, in accordance with the County Assessment Law. Finally, ESASD states in its answer that "(s)ince ESASD does send and has regularly sent all tax bills to PMC at substantially the same address and directed in the substantially same manner as the interim notice at issue, ESASD is aware of no reason why the interim notice would not have reached PMC's attention..." ESASD Answer, paragraph 10. PMC has failed to establish that the manner of service constituted a breakdown of an administrative function.

PMC has a second hurdle to cross to obtain leave to file an appeal nunc pro tunc. Even if PMC established that a breakdown of an administrative function of the assessor's office occurred due to inadequate notice of the interim assessment, "[t]he petition to file an appeal *nunc pro tunc* must be filed within a reasonable time." *Amicone v. Rok*, 839 A.2d 1109, 1113 (Pa. Super. 2003). Here, the date of notice of the interim assessment was June 13, 2013. PMC had forty days in which to appeal, which meant

a deadline for an appeal of July 23, 2013. PMC did not make a record of when its agents first became aware of the interim assessment. PMC states in its brief that "(o)n or about July 30, 2013, shortly after learning of the assessment, PMC petitioned the Monroe County Board of Assessment Appeals for a determination that the new Hughes Cancer Center is tax exempt." *PMC Brief*, page 6. If this contention is accurate, PMC was aware of the interim assessment within a week, or perhaps days, after the missed deadline for appeal. However, PMC did not seek leave to file the appeal nunc pro tunc at that point; rather PMC petitioned the Monroe County Board of Assessment Appeals "for a determination that the new Hughes Cancer Center building is tax exempt." *PMC Petition*, ¶15.

The MCBAA decided on October 2, 2013 to grant PMC tax exempt status for the tax year beginning January 1, 2014, but the Board found that no appeal had been taken on the interim assessment, and granted no relief for 2013 taxes. The Board suggested that PMC apply to the taxing authorities for a refund of the taxes, since PMC had paid them under protest. PMC pursued that strategy, and it was successful as far as Borough of East Stroudsburg and Monroe County taxes were concerned. The ESASD School Board, however, voted to deny PMC the requested refund on October 21, 2013. PMC asked ESASD to reconsider by letter of November 20, 2013, pointing out that the other two taxing bodies had refunded the taxes. The ESASD Board declined to do so. This was communicated to PMC by letter of December 18, 2013. PMC filed its petition for leave to file an appeal nunc pro tunc on February 20, 2014.

ESASD argues that approximately seven months passed between the time PMC discovered the interim assessment and the filing of its request for nunc pro tunc

appeal. In *Commonwealth, Dept of Transp,, Bureau of Traffic Safety v. Johnson*, 569 A.2d 409 (Pa. Cmwlth. 1990), the defendant petitioned to appeal nunc pro tunc from a suspension of his driver's license. His petition was filed approximately two months after his missed deadline. The *Johnson* court held that this was too long:

A review of the record indicates that Johnson has not established any facts which would indicate that the two month delay in filing the appeal after he was aware of the suspension was the result of non-negligent happenstance. Accordingly, we must conclude that the trial court erred as a matter of law. Because we have concluded that the trial court did not have jurisdiction insofar as Johnson's appeal was untimely we need not address the merits of the trial court's determination.

*Johnson*, 569 A.2d at 411.

The superior court considered a situation where a timely notice of appeal from a magisterial district judge was rejected by the prothonotary due to form requirements in *Amicone v. Rok* 839 A.2d 1109 (Pa. Super. 2003). Four months after the prothonotary's rejection of the document, Rok filed for leave to appeal nunc pro tunc. The court found that the prothonotary should not have rejected the original appeal, but denied the petition for leave to file the appeal nunc pro tunc because it was not filed within a reasonable time of the prothonotary's rejection of the appeal.

Thus, it is clear that, whatever extraordinary circumstance is alleged as the reason for the late filing of the appeal-fraud, breakdown of the court's operation through default of its officers, or non-negligent conduct on the part of appellant, appellant's attorney, or the

attorney's staff-the petition to file the appeal nunc pro tunc must be filed within a reasonable time after the occurrence of the extraordinary circumstance

*Id.* at 1114.

The commonwealth court recently ruled that a four month delay in filing the petition for leave to file nunc pro tunc was too long. In *Smalis v. Allegheny County Bd. of Property Assessment*, 2013 WL 3946234 (Pa. Cmwlth. 2013) (Memorandum opinion; cited here only for its persuasive value) the defendant lost an appeal before the assessment appeal board on March 21, 2011. He claimed that he was not properly served with mail notice of that decision and he did not file a timely appeal. Approximately four months later, he filed a petition for leave to file an appeal nunc pro tunc. The court found this to have been an unreasonable delay;

> Here, Smalis's own factual averments demonstrate that he failed to act with reasonable diligence. Specifically, he avers that he appeared before the board in March 2011, seeking to appeal the assessments on his property for the tax years 2000 through 2010. According to his averments and exhibits, the board denied him relief on March 21, 2011. Although the record does not reveal what initially caused Smalis to begin the assessment appeal process, the board's denial clearly served as notice that his appeals were untimely and that further action was required if relief was believed to be warranted. Despite the board's denial, Smalis's petition was not filed with common pleas until almost four months later, in July. There is no evidence to explain this delay and based upon precedent, that delay constitutes a lack of reasonable diligence as a matter law. *See Dep't*

*of Transp., Bureau of Traffic Safety v. Johnson*, 131 Pa.Cmwlth. 51, 569 A.2d 409, 411 (Pa.Cmwlth.1990) (lack of reasonable diligence demonstrated by two month delay). Accordingly, common pleas did not en in denying leave to appeal nunc pro tunc.

*Id.* at p. 3.

PMC explains its delay in filing the petition for almost seven months by arguing that it was pursuing an alternate remedy. It established that the Hughes Cancer Center was in fact an exempt use through the MCBAA, and then sought to persuade the taxing authorities to refund the taxes it had paid under protest. This strategy worked for two of the three taxing authorities. However, even if the court excludes the time period that PMC pursued these avenues, PMC knew shortly after December 18, 2013 that ESASD would not refund the taxes. PMC still did not file its petition for leave to appeal until February 20, 2014, which is longer than the forty day time period PMC originally had to appeal. This was not a reasonable delay under the circumstances. PMC's request to appeal nunc pro tunc will be denied.[1]

II. Petition for Refund

PMC has additionally sought a refund of the $185,534.93 it has paid in assessments for the Hughes Cancer Center for the 2012-2013 and 2013-2014 tax years. PMC argues, and ESASD agrees, that the Hughes Cancer Center meets the requirements of a purely public charity under 10 P.S. § 375. PMC contends that it is entitled to a refund of taxes paid pursuant to erroneous assessments. ESASD counters

---

1. The court finds that PMC's claim for leave to appeal nunc pro tunc has no merit, so ESASD's argument that the same is barred by res judicata need not be addressed.

that the claim for refund is barred by statute. ESASD has filed a motion for judgment on the pleadings.

Pa.R.C.P. 1034 governs motions for judgment on the pleadings. It states, 'After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). After consideration of such a motion, "[t]he court shall enter such judgment or order as shall be proper on the pleadings. Pa.R.C.P. 1034(b).

A motion for judgment on the pleadings is exclusively limited to the pleadings themselves; no other outside material may be considered. P.R.C.P. 1034, *Giddings v. Tartler*, 567 A.2d 766, 767 (Pa. Cmwlth. 1979). A motion for judgment on the pleadings "summarily dispose[s] of a case before trial where there exists no genuine issue of fact and which entitles the moving party to judgment as a matter of law." *Id.*

PMC seeks a refund pursuant to 72 P.S. § 5566c, which provides:

> In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, or refusal or failure to pay interest as required by section 1, then the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes, interest, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, subject to the limitation herein provided, by instituting an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located.

72 P.S. § 5566c. While § 5566c would seem to require ESASD to pay PMC a refund for the interim assessments, it must be read in conjunction with 72 P.S. § 5566b, which states:

> *The right to a refund afforded by this act may not be resorted to in any case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys paid as aforesaid,* unless the claim for refund is for the recovery of moneys paid under a provision of a statute, ordinance or resolution subsequently held, by final judgment of a court of competent jurisdiction, to be unconstitutional, or under an interpretation of such provision subsequently held by such court, to be erroneous.

72 P.S. § 5566b (emphasis added). PMC had an alternative method to challenge the interim assessments, namely a timely appeal. The Pennsylvania Supreme Court has explained that:

> [i]f no appeal is taken from the assessment of taxes within the time allowed by law it becomes binding and conclusive [, and] neither the common pleas nor an appellate court can afford any relief.
>
> * * *
>
> Such a result "is salutary because the revenue base of taxing bodies should not be left open indefinitely" to retrospective claims. *Lincoln Philadelphia Realty Associates I v. Board of Revision of Taxes of City and County of Philadelphia*, 563 Pa. 189, 210-211, 758 A.2d 1178, 1190(2000) (quotation omitted).

This principle applies not only where the taxpayer

challenges the amount of an assessment but also where the taxpayer claims to be exempt from taxation. *See Academy Plaza Associates, Ltd. v. Board of Revision of Taxes, City of Philadelphia*, 503 A.2d 1101, 1102-03 (Pa. Cmwlth. 1986) (noting that a court has no jurisdiction to resurrect the question of a real property tax exemption); *Locust Lake Village Property Owners Ass'n, Inc. v. Monroe County Bd. of Assessment Appeals* 940 A.2d 591, 596 (Pa. Cmwlth. 2008).

Therefore, 72 P.S. § 5566b prohibits PMC's suit for a refund. As this can be determined from the pleadings, ESASD's motion for judgment on the pleadings will be granted.[2]

No relief will be granted on PMC's petitions. The law requires this, subject to possible review by an appellate court. However no one should be satisfied with this result. Some additional effort to give PMC notice of a large new tax assessment being imposed on a newly constructed cancer center on previously exempt property might have prevented this oversight. The county and the Borough seem to have recognized this. The School District has not. The result is payment of a large tax bill by a charitable entity that is now and was then tax exempt.

## ORDER

And now, this 19th day of August, 2014, following consideration of Pocono Medical Center's petition to appeal interim tax assessment notice nunc pro tunc and the arguments and briefs of the parties, it is ordered that Pocono Medical Center's petition is denied.

---

2. The court has found that PMC's refund claim is barred by statute, so ESASD's argument that the same is barred by res judicata need not be addressed.