IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RMBM Corporation, Inc.,  :
                    Appellant  :
  :
             v.  :    No. 408 C.D. 2022
  :    Submitted: April 6, 2023
Greg Harkins, Code Enforcement  :
Department Head, Debra Force,  :
Berwick Borough Manager,  :
Alvin Hill, President of Borough  :
of Berwick Council  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                            FILED:  January 22, 2024

RMBM Corporation, Inc. (RMBM) appeals from the order entered in the Court of Common Pleas of the 26th Judicial District, Columbia County Branch (trial court) that denied RMBM's motion to reinstate its appellate rights *nunc pro tunc*. Greg Harkins, Code Enforcement Department Head, Debra Force, Berwick Borough Manager, and Alvin Hill, President of Borough of Berwick (collectively, Appellees) oppose RMBM. We affirm.

## I. BACKGROUND[1]

Because this is the second time the parties are before this Court, we

---

[1] We simplified the facts to avoid unnecessary exposition. The record transmitted to this Court often omitted the parties' exhibits that were attached to their pleadings. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*) (explaining that "what is not contained in the . . . record does not exist for purposes of our review" (cleaned up)); *Marshall v. Se. Pa. Transp. Auth.*, 300 A.3d 537, 540 n.2 (Pa. Cmwlth. 2023) (stating that although Superior Court cases do not bind this Court, we may conditionally cite to them). Further, the reproduced record contains several purported filings that are not timestamped, docketed, and part of the original record. For example, the reproduced record includes RMBM's supplemental brief in support of

need not recount the extensive background. *See RMBM Corp. v. Harkins* (Pa. Cmwlth., No. 202 C.D. 2020, filed Jan. 5, 2021) (*RMBM I*), slip op. at 1-6, 2021 WL 28575, at *1-3. Briefly, the Berwick Code requires the Borough of Berwick (Berwick) to resolve certain permit applications within a month. *Id.* at 3, 2021 WL 28575, at *1 (citing Section 9-5(B) of the Berwick Code (1977)).[2]

In 2016, RMBM filed a permit application with Berwick. *Id.* at 2, 2021 WL 28575, at *1. Because Berwick did not immediately resolve RMBM's application, RMBM requested a writ of mandamus from the trial court compelling Appellees to issue the permit. *Id.* at 2-3, 2021 WL 28575, at *1. Discovery ensued, and at a November 2018 deposition, Appellees showed RMBM a February 2018 letter denying RMBM's application. *Id.* at 3, 2021 WL 28575, at *1-2.[3] RMBM, however, did not appeal the denial to Berwick's Code Hearing Board of Appeals (Board). *Id.* at 11, 2021 WL 28575, at *5. Instead, RMBM moved for summary judgment. *Id.* at 5, 2021 WL 28575, at *2. The trial court agreed and, despite Appellees' prior denial, issued a writ of mandamus directing Berwick to grant RMBM's application. *Id.* at 6, 2021 WL 28575, at *3.

Appellees appealed to this Court, which reversed because, among other reasons, RMBM failed to exhaust its administrative remedies by appealing the denial to the Board. *Id.* at *5. This Court consequently remanded to the trial court. *Id.*[4]

---

its motion to reinstate appellate rights *nunc pro tunc*. Reproduced Record (R.R.) at 114a. The reproduced record also includes Appellees' opposition to RMBM's supplemental brief. *Id.* at 150a.

[2] The parties discuss the Berwick Code but did not attach a copy of the Code, which does not appear to be available online. *See* Pa.R.A.P. 126(a) (directing a party to attach "not readily available" authorities as an appendix to its filing).

[3] RMBM denied receiving the February 2018 letter. Thus, at the very latest, RMBM had actual notice of Appellees' denial in November 2018.

[4] The *RMBM I* Court had apparently intended that the trial court dismiss the matter. *Cf. Keystone ReLeaf LLC v. Pa. Dep't of Health*, 186 A.3d 505, 513 (Pa. Cmwlth. 2018) (explaining that "a party must first exhaust its administrative remedies before invoking this Court's jurisdiction in challenging a final agency adjudication").

Following remand, RMBM did not immediately appeal to the Board.

Subsequently, Appellees moved for summary judgment based upon the *RMBM I* Court's rationale that there was no basis for mandamus relief. Appellees' Mot. for Summ. J., 3/25/21. RMBM filed an answer in opposition reiterating that *it* was entitled to judgment in its favor. RMBM's Answer in Opp'n to Mot. for Summ. J., 4/26/21, at 1, 6 (unpaginated). The trial court granted Appellees' motion for summary judgment. Order, 12/30/21. Again, RMBM did not immediately appeal to the Board.[5]

Before the trial court, RMBM filed a motion to reinstate its appellate rights *nunc pro tunc*, which did not request an evidentiary hearing.[6] Mot. to Reinstate Pl.'s Appellate Rights *Nunc Pro Tunc*, 1/21/22. In RMBM's view, its motion to reinstate its appellate rights *nunc pro tunc* was timely filed within 30 days of the trial court's December 30, 2021 order granting Appellees summary judgment. *Id.* ¶¶ 7-8. Following argument, the court denied RMBM's motion.[7] Order, 3/28/22.

The trial court concisely reasoned that RMBM did not establish "extraordinary circumstances" or "non-negligent circumstances" as to justify

---

[5] We glean the following based upon documents that were not in the original record but included in the reproduced record. *See B.D.G.*, 959 A.2d at 372. For ease of discussion, we assume the accuracy of such documents in stating the following timeline. On January 18, 2022, RMBM appealed to the Board. R.R. at 145a. On January 21, 2022, without hearing from the Board, RMBM filed a motion to reinstate its appellate rights *nunc pro tunc*, which we discuss herein. On January 26, 2022, the Board denied RMBM's appeal, R.R. at 149a, thus arguably "perfecting" RMBM's "premature" January 21st motion to reinstate its appellate rights *nunc pro tunc*.

[6] RMBM's motion also requested declaratory judgment, specifically a declaration from the trial court that RMBM "shall have the right to appeal . . . ." Mot. to Reinstate Pl.'s Appellate Rights *Nunc Pro Tunc*, at 5 (unpaginated).

[7] At argument, RMBM did not request an evidentiary hearing. *See generally* Notes of Testimony (N.T.) Hr'g, 2/15/22. We note, however, that RMBM argued that upon receiving actual notice of Appellees' denial, RMBM "felt" it was "inappropriate" to appeal to the Board during the pendency of a lawsuit. *Id.* at 15-16. At the hearing, the trial court suggested that the parties could email him supplemental filings, which may explain why certain documents were in the reproduced, and not original, record. *Id.* at 17.

reinstatement of *nunc pro tunc* appellate rights. Trial Ct. Op., 3/28/22, at 5. It stated there was "not a real record to support the granting of relief *nunc pro tunc* after 2018," as RMBM failed to "timely appeal" after receiving notice. *Id.* at 4-6. RMBM timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[8]

## II. ISSUE

RMBM contends it was entitled to reinstatement of its appellate rights *nunc pro tunc* because "there was a clear breakdown" of Appellees' "administrative process," which denied RMBM "the opportunity to avail itself of [Berwick's] appellate remedies . . . ." RMBM's Br. at 5.

## III. DISCUSSION[9]

In support, RMBM focuses primarily on what it perceives to be a breakdown in administrative operations, specifically Appellees' failure to resolve RMBM's permit application within a month. *Id.* at 12. In RMBM's view, under *RMBM I*, RMBM is "entitled" to have the Board grant its application. *Id.* at 13.[10]

---

[8] The trial court filed a Rule 1925(a) opinion, which was not reflected in the docket or as a part of the record transmitted to this Court. Trial Ct. Op., 7/19/22. RMBM attached a time-stamped copy of the trial court's Rule 1925(a) opinion to its appellate brief. RMBM's Br., at app. c. The trial court incorrectly opined that the *RMBM I* decision was persuasive and not binding precedent on the trial court. *See* Trial Ct. Op., 7/19/22, at 3. This Court's *RMBM I* decision binds the parties and the trial court to the extent the law of the case and related doctrines apply. Outside of those limits, the *RMBM I* decision remains persuasive authority only.

[9] We review the trial court's order denying a motion requesting reinstatement of appellate rights *nunc pro tunc* for an abuse of discretion or error of law. *Croft v. Bd. of Prop. Assessments, Appeals & Rev.*, 134 A.3d 1129, 1130 n.3 (Pa. Cmwlth. 2016). Our Supreme Court has construed such an order as an appealable order. *Union Elec. Corp. v. Bd. of Prop. Assessments, Appeals & Rev. of Allegheny Cnty.*, 746 A.2d 581, 583 (Pa. 2000) (*Union*). Further, we follow the rules of statutory construction in interpreting the rules of appellate procedure and statutory language. 1 Pa.C.S. §§ 1901-1991; Pa.R.A.P. 107. Finally, we may "affirm the decision of the trial court if the result is correct on any ground without regard to the grounds relied on by the trial court." *Mazer v. William Bros. Co.*, 337 A.2d 559, 562 n.6 (Pa. 1975).

[10] We construe RMBM's argument as an attempt to rehash the substantive merits of its permit application. But before RMBM can invoke this Court's jurisdiction, RMBM had to exhaust its administrative remedies. *See RMBM I*, slip op. at 11-12, 2021 WL 28575, at *5.

4

RMBM argues that the Board's denial of its appeal as untimely is "inequitable and flies in the face of justice." *Id.* at 14. We infer that RMBM maintains the trial court erred in denying RMBM's motion for *nunc pro tunc* relief. *See id.* In support, RMBM relies solely on 42 Pa.C.S. § 5535 for the proposition "that the time limitations for proceedings are tolled while a previous proceeding is pending." *Id.* Per RMBM, the case "remained pending until the grant of summary judgment in this matter on December 30, 2021." *Id.* RMBM concludes that its appeal to the Board was timely because it "was made on January 18, 2022." *Id.*[11]

Our Supreme Court explained that "an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers." *Union*, 746 A.2d at 584 (cleaned up). In the context of

---

[11] We quote RMBM's Section 5535 argument as follows: "In the case at bar, the previous matter remained pending until the [trial court's] grant of summary judgment in this matter on December 30, 2021. Therefore, [RMBM's] appeal is timely as the request to Berwick Borough was made on January 18, 2022." RMBM's Br. at 14. As noted herein, RMBM's appeal to the Board is not of record.

RMBM next discusses "meritorious grounds for appeal of the denial of its driveway permits that should be heard by the [c]ourt." *Id.* at 14. Per RMBM, the facts "show extraordinary circumstances warranting *nunc pro tunc* relief." *Id.* RMBM advances numerous reasons as to why the Board should have granted its permit application. *Id.* at 15-19. RMBM explains that it could not reapply for a permit because Berwick amended the ordinances in 2021, which apparently barred RMBM's intended use. *Id.* at 19-20 (citing non-record documents). Critically, RMBM did not argue the absence of any prejudice to Appellees.

Appellees counter that RMBM failed to appeal within 30 days of receiving actual notice of the Board's denial in November 2018. Appellees' Br. at 19, 21-22. They assert that the *trial court* lacked *jurisdiction* over RMBM's motion to reinstate appellate rights *nunc pro tunc* because there was no breakdown in the trial court's operations. *Id.* at 22-23. Appellees reason that RMBM needed to request reinstatement of its appellate rights from the Board. *Id.* at 23. *But see Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996) (holding this Court erred in affirming the dismissal of an untimely appeal to a referee).

We add that we may not *sua sponte* raise issues and arguments that the parties themselves did not preserve. *See Gibraltar Rock, Inc. v. Dep't of Env't Prot.*, 286 A.3d 713, 725 (Pa. 2022). "To do so places the Court in the conflicting roles of advocate and neutral arbiter." *Martinez v. City of Reading Police Dep't*, 289 A.3d 1136, 1139 n.13 (Pa. Cmwlth. 2023) (cleaned up).

5

agency appeals, a breakdown in agency operations occurs when "an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Thus, where an administrative body acts negligently, improperly or in a misleading way, an appeal *nunc pro tunc* may be warranted." *Id.*[12] But even when a breakdown in the agency's operations occurs, an aggrieved party must promptly appeal or otherwise move for relief.

For example, in *Cook*, an agency denied benefits to the claimant, but the claimant was hospitalized during the pendency of the appeal period. *Cook*, 671 A.2d at 1130. Shortly after he left the hospital, and four days after the appeal period expired, the claimant appealed the denial of benefits to the referee, which denied the claimant's appeal as untimely. *Id.* at 1131-32. The claimant unsuccessfully appealed to the agency's board of review and this Court. *Id.* at 1131.

Our Supreme Court granted *allocatur* and reasoned that "the court may allow an appeal *nunc pro tunc*" when four conditions are met. *Id.* First, the "appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel[.]" *Id.* Second, "the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness[.]" *Id.* Third, "the time period which elapses is of very short duration[.]" *Id.* Fourth, the "appellee is not prejudiced by the delay[.]" *Id.*

The *Cook* Court applied these principles in reasoning that the claimant "met his heavy burden of proving an adequate excuse . . . for failing to file the appeal" in a timely fashion. *Id.* at 1132. Further, the claimant "pursued his appeal promptly upon release from the hospital" and the record did not establish any

---

[12] *Accord* 20 West's Pa. Appellate Prac. § 105:8 (2023-2024) (explaining that "a court will grant a *nunc pro tunc* appeal if the reason for the late appeal is a breakdown in the processes of a court or agency" and listing examples of situations that resulted in the grant or denial of an appeal *nunc pro tunc*).

6

prejudice to the agency. *Id.* Accordingly, our Supreme Court reversed this Court and reinstated the appeal *nunc pro tunc* because the appellant filed his appeal to the referee four days after the appeal deadline. *Id.*[13] *Cook*, however, did not address a trial court order resolving a motion to reinstate appellate rights *nunc pro tunc* from an agency decision.

In *Johnson*, this Court resolved an analogous procedural posture: the trial court's grant of the claimant's petition for an appeal *nunc pro tunc* from an adverse agency decision. *Johnson*, 569 A.2d at 410. In this case, the Department of Transportation (PennDOT) mailed Johnson notice of his license suspension in February, while he was hospitalized. *Id.* Eventually, Johnson received actual notice in April, but waited until July to file a petition with the trial court for reinstatement of his appeal rights *nunc pro tunc*. *Id.* The trial court granted relief, sustained Johnson's appeal, and PennDOT appealed to this Court. *Id.* This Court reversed, reasoning that Johnson failed to establish "any facts which would indicate that the"

_____

[13] The Superior Court has suggested that when "the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights." *Commonwealth v. Wright*, 846 A.2d 730, 734 (Pa. Super. 2004). The *Wright* Court reasoned that to "permit an appellant to file the appeal more than thirty days after the reinstatement would put the appellant in a better position than he would have been absent counsel's failure to file a timely direct appeal." *Id. Accord* 20 West's Pa. Appellate Prac. § 105:12 (2023-2024) (stating "Pennsylvania appellate courts require an appellant seeking to appeal *nunc pro tunc* to establish that action was taken promptly to assert such a right upon learning of the existence of the grounds relied upon for such relief. Accordingly, an appellant who intends to appeal *nunc pro tunc* must act within a reasonable time." (cleaned up)).

In the context of an untimely appeal from an agency decision to a court, one treatise explained that "[a]dministrative agencies lack authority to grant an application to appeal *nunc pro tunc* to an appellate court. Accordingly, a petitioner for review who seeks to appeal *nunc pro tunc* must file such an application with the Commonwealth Court and not with the administrative agency." 20 West's Pa. Appellate Prac. § 105:13 (2023-2024). By extension, if the appellate court is the trial court, then it appears such an application should be filed with the trial court. *See, e.g., Dep't of Transp., Bureau of Traffic Safety v. Johnson*, 569 A.2d 409, 410 (Pa. Cmwlth. 1990) (noting the aggrieved party successfully requested, from the trial court, reinstatement of appellate rights *nunc pro tunc* from an adverse agency decision).

several-month "delay in filing the appeal after he was aware of the suspension was the result of non-negligent happenstance." *Id.* at 411.

Similarly, in *Ercolani v. Department of Transportation, Bureau of Driver Licensing*, 922 A.2d 1034 (Pa. Cmwlth. 2007) (*en banc*), PennDOT mailed notice of Ercolani's license suspension in March. *Ercolani*, 922 A.2d at 1036. Ercolani testified that he did not receive it but that he received actual notice of his suspension in May. *Id.* at 1037. Ercolani, however, waited until July to file his petition to appeal *nunc pro tunc* with the trial court. *Id.* The trial court granted the petition and sustained Ercolani's appeal, and PennDOT appealed to this Court. *Id.* at 1035, 1037. The *en banc* Court held that upon receiving actual notice, Ercolani had "an obligation . . . to act promptly and diligently" in appealing but failed to "proceed with reasonable diligence." *Id.* at 1037-38. Because Ercolani failed to "explain his delay," this Court reversed and remanded with instructions to quash the statutory appeal. *Id.* at 1038.

Finally, 42 Pa.C.S. § 5535 provides that if "a civil action or proceeding is timely commenced and is terminated, a party . . . may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination . . . ." 42 Pa.C.S. § 5535(a)(1)-(2)(i)-(ii) (listing two exceptions not relevant here). Section 5535(b) provides that when "the commencement of a civil action or proceeding has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced." *Id.* § 5535(b).[14]

---

[14] Section 5535 does not toll any agency proceedings during the pendency of any judicial litigation, as "Section 5535 governs . . . civil actions in Pennsylvania's unified judicial system which consists solely of courts and district justices in Pennsylvania." *Duquesne Light Co. v. Pa. Pub. Util. Comm'n*, 611 A.2d 370, 373 n.3 (Pa. Cmwlth. 1992). "Section 5535 does not pertain to any tribunal [that] exists outside the unified judicial system." *Id.* (citation omitted).

Instantly, we address RMBM's sole reliance on Section 5535 as somehow justifying the timeliness of its motion to reinstate appellate rights *nunc pro tunc*. *See* RMBM's Br. at 14; *see also Gibraltar Rock*, 286 A.3d at 725. Initially, as set forth above, Section 5535 addresses termination of prior matters and stays. *See* 42 Pa.C.S. § 5535(a)-(b). The trial court did not terminate or stay the case while the parties conducted discovery, and no stay existed following the *RMBM I* decision. *See id.* Nothing in Section 5535 barred RMBM from pursuing an agency appeal and moving for *nunc pro tunc* relief upon receiving actual notice, whether it was November 2018 or following the *RMBM I* Court's remand in January 2021. *See id.*; *see generally* 1 Pa.C.S. §§ 1901-1991. *Cf. Cook*, 671 A.2d at 1132 (resolving the claimant's untimely appeal from the agency decision to the referee).

Although we could affirm on that basis alone, we note some similarities to *Johnson*, *Ercolani*, *Cook*, and *Wright*. The licensees in *Johnson* and *Ercolani* received actual notice of the agency action several months after the agency mailed notice. *See Johnson*, 569 A.2d at 410; *Ercolani*, 922 A.2d at 1037. Similar to the licensees in *Johnson* and *Ercolani*, at the latest, RMBM received actual notice of the Board's denial in November 2018. *See Johnson*, 569 A.2d at 410; *Ercolani*, 922 A.2d at 1037. Identical to the licensees in *Johnson* and *Ercolani*, despite receiving actual notice in November 2018, RMBM did not *promptly* appeal. *See Johnson*, 569 A.2d at 410; *Ercolani*, 922 A.2d at 1037; *see also Cook*, 671 A.2d at 1131. Although RMBM had actual notice in November 2018, RMBM waited *over 3 years*, *i.e.*, until January 2022, before moving to reinstate its appellate rights *nunc pro tunc* with the trial court.[15] Even the *Johnson* and *Ercolani* licensees did not wait years before

---

[15] Based on documents not of record, RMBM apparently did not appeal to the Board until January 2022. *See also* N.T. Hr'g at 18 (reflecting trial court's belief that RMBM will have a "hard time" establishing *nunc pro tunc* relief "because it's three years").

9

requesting *nunc pro tunc* relief. *See Johnson*, 569 A.2d at 410; *Ercolani*, 922 A.2d at 1037.

But RMBM is due no relief even if we held that RMBM received actual notice in January 2021, when this Court held RMBM failed to exhaust its administrative remedies. *See RMBM I*, slip op. at 11-12, 2021 WL 28575, at *5. Similar to *Cook*, RMBM had a "short time" within which to appeal to the Board. *See Cook*, 671 A.2d at 1131; *see also Wright*, 846 A.2d at 734. But RMBM inexplicably failed to appeal to the Board within 4 days, let alone 30 days from the *RMBM I* decision.[16] Instead, RMBM unaccountably waited over a year, *i.e.*, until January 2022, *see* N.T. Hr'g at 18, and did not argue the absence of any prejudice to Appellees. *See generally* Appellant's Br. For these reasons, bound by RMBM's sole argument and Supreme Court jurisprudence, we agree that the trial court correctly denied RMBM's motion to reinstate its appellate rights *nunc pro tunc*. Regardless of whether RMBM received actual notice in November 2018 or January 2021, RMBM failed to act in a timely fashion. *See Cook*, 671 A.2d at 1131 (noting that the appellant must file an agency appeal promptly after learning of the untimeliness).

## IV. CONCLUSION

For these reasons, we affirm the trial court's order denying RMBM's motion to reinstate its appellate rights *nunc pro tunc* from Appellees' denial of RMBM's permit application.[17]

LORI A. DUMAS, Judge

---

[16] Following the *RMBM I* Court's decision, no statutory prohibition barred RMBM from requesting *nunc pro tunc* relief. *Cf.* 42 Pa.C.S. § 5535(b). This Court did not take a year to return jurisdiction to the trial court.

[17] Although we disagree with aspects of the trial court's reasoning, we may affirm the court "without regard to the grounds relied on by the trial court." *See Mazer*, 337 A.2d at 562 n.6.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RMBM Corporation, Inc.,       :
                Appellant     :
                       :
         v.          :   No. 408 C.D. 2022
                       :
Greg Harkins, Code Enforcement  :
Department Head, Debra Force,   :
Berwick Borough Manager,       :
Alvin Hill, President of Borough   :
of Berwick Council          :

## **O R D E R**

AND NOW, this 22nd day of January, 2024, we AFFIRM the March 28, 2022 order entered by the Court of Common Pleas of the 26th Judicial District, Columbia County Branch, which denied RMBM Corporation, Inc.'s motion to reinstate its appellate rights *nunc pro tunc*.

 

                                          _____
                                          LORI A. DUMAS, Judge