**UPMC HEALTH SYSTEM, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 19, 2004.

Decided June 24, 2004.

Edward R. Ehrhardt, Jr., Pittsburgh, for petitioner.

Randall S. Brandes, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEAVITT.

UPMC Health System (Employer) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) awarding benefits to April Durham (Claimant), who worked at Heritage Shadyside Nursing Home, as a certified nursing assistant. In doing so, the Board affirmed the decision of the Referee that Employer's appeal was untimely under Section 501(e) of the Unemployment Compensation Law (Law),[1] and, thus, properly dismissed. We reverse.

Claimant was discharged by Employer on April 14, 2003, because of failure to attend, or to call off, work on three consecutive days. She applied for unemployment compensation benefits, and on May 12, 2003, the Unemployment Compensation Service Center (UC Center) granted Claimant's application. A copy of the UC Center's determination was mailed to Employer; however, the mailing did not use Employer's correct zip code. On June 19, 2003, Employer received the determination, which stated therein that the last day for Employer to appeal was May 27, 2003. The determination notice was forwarded to counsel, and Employer filed its appeal by facsimile on July 1, 2003, twelve days after receipt of the notice. On July 28, 2003, pursuant to Employer's appeal, the Referee conducted a hearing at which neither party appeared. Accordingly, the Referee dismissed Employer's appeal, which made

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended; 43 P.S. § 821(e).

Claimant's award of compensation final under Section 501(e) of the Law.[2]

Employer appealed to the Board, which remanded the matter to the Referee as the Board's hearing officer, to determine the timeliness of Employer's appeal and the merits of Claimant's entitlement to benefits. A remand hearing was conducted on October 14, 2003.

The record of the remand hearing showed that the UC Center's determination was mailed to Employer on June 18, 2003, long after the appeal deadline of May 27, 2003 had expired. Although this determination was not sent to the correct address, Employer received it on June 19, 2003. On July 1, 2003, Employer faxed its appeal, noting the error in the address used by the UC Center and requesting that all future notices be sent to its designated counsel, whose name and address were also provided. Employer did not appear at the July 28, 2003, hearing before the Referee because, once again, Employer did not receive the notice of the hearing. The hearing notice was not sent to Employer's designated counsel but, rather, to the same incorrect address that had been used in the June 18, 2003, mailing to Employer.

On the basis of *Cook v. Unemployment Compensation Board of Review*, 543 Pa.

381, 671 A.2d 1130 (1996), the Board concluded that Employer's appeal could not be accepted as a *nunc pro tunc* appeal. It found that Employer was not misled by the "unemployment compensation authorities concerning its right or the necessity to appeal." Board Adjudication, Finding of Fact No. 6. Accordingly, once Employer received notice of the determination, it was Employer's duty to appeal within "a very short duration" of receiving the determination. The Board found that Employer failed to discharge this duty because it waited twelve days to appeal. Further, Employer failed to explain its "long delay" in filing its appeal. Thus, the Board dismissed Employer's appeal as untimely.

■ On appeal,[3] Employer contends that it was entitled to appeal *nunc pro tunc* from the UC Center's determination. Employer contends that the appeal, filed twelve days after receipt of the determination, may not be deemed by statute to have been untimely filed. Further, Employer was not informed by the Board, in its remand order, or by the Referee[4] at the October 14, 2003 hearing, that it needed to explain why it took twelve days to appeal. Employer also asserts that the record does not reveal any negligence on its part in filing its appeal.

In *Cook*, the claimant, upon receipt of the UC Service Center's denial of unem-

---

2. Section 501(e) of the Law provides:

   *Unless the* claimant or *last employer* or base-year employer of the claimant *files an appeal* with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), *within fifteen calendar days after such notice* was delivered to him personally, or *was mailed to his last known post office address,* and *applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid* or denied in accordance therewith.

43 P.S. § 821(e) (emphasis added) (footnote omitted).

3. This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review,* 161 Pa. Cmwlth. 464, 637 A.2d 695 (1994).

4. Although the Referee asked questions at this hearing, no inquiries were made on what transpired between June 19, 2003 and July 1, 2003.

ployment compensation benefits, contacted an attorney and scheduled an appointment for May 5, 1992. On May 3, 1992, Claimant was taken to a hospital where he was placed in a cardiac care unit for two days. Thereafter, he was released from cardiac care but remained in the hospital until May 9, one day after his time for appeal expired. Three days later, on May 12, 2003, Claimant filed an appeal. The referee and the Board dismissed the appeal as untimely. The Board specifically noted that claimant was able to read, write and receive visitors after he was removed from the cardiac care unit; accordingly, he should have pursued his appeal during this time from his hospital bed. This Court affirmed, and the Supreme Court reversed. The Supreme Court restated the rule it had earlier announced in *Bass v. Commonwealth*,[5] 485 Pa. 256, 401 A.2d 1133 (1979), governing *nunc pro tunc* appeals. It explained:

> We believe a better statement of the rule in *Bass* is that where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

*Cook*, 543 Pa. at 384–385, 671 A.2d at 1131.

In *Stanton v. Department of Transportation, Bureau of Driver Licensing*, 154 Pa.Cmwlth. 350, 623 A.2d 925 (1993), this Court considered the non-negligent failure of a licensee to appeal in a timely manner because the office manager for the attorney he contacted was absent from the office for a family medical emergency. However, licensee did not appeal for eleven days after the office manager returned to work. This Court determined that:

> Licensee's petition for leave to appeal *nunc pro tunc* must be denied because although the office manager returned on February 17, the petition was not filed until February 28, *eleven days* after her return. As we noted in *Department of Transportation, Bureau of Traffic Safety v. Johnson*, 131 Pa.Commonwealth Ct. 51, 569 A.2d 409 (1990), a petitioner in an appeal *nunc pro tunc* must proceed with *reasonable diligence* once he knows of the necessity to take action.

*Id.* at 927 (Emphasis added).

*Cook* and *Stanton* establish how much time, *in addition to* the statutory appeal period, should be allowed to the party asserting the right to file a *nunc pro tunc* appeal, where the failure to bring a timely appeal was not caused by the negligence of the appellant. Here, by contrast, we consider whether Employer can be deprived of the statutory minimum of fifteen days from the date of mailing of the UC Center's determination to file an appeal.[6]

Employer contends that it satisfied the requirements of a *nunc pro tunc* appeal that were established by this Court in

---

**5.** In *Bass*, a secretary's illness and absence from the office caused an appeal not to be filed. Upon her return, she notified her employer, appellant's counsel, who then sought permission to file four days late on a *nunc pro tunc* basis.

**6.** In *Cook*, the claimant received timely notice, but his appeal was delayed four days by his hospitalization. In *Stanton*, the licensee received notice of his appeal and when it had to be appealed. However, errors were made by the licensee's chosen counsel, causing the filing of an untimely appeal. *Cook* and *Stanton* are inapposite to this case because the delay in each was caused by the appellant not by the government agency.

*United States Postal Service v. Unemployment Compensation Board of Review,* 152 Pa.Cmwlth. 603, 620 A.2d 572 (1993). In that case, we held that a failure to send a notice of determination to an employer's correct address [7] or to the employer's designated representative, *i.e.,* its legal counsel, constituted a "breakdown in the unemployment compensation system operations." *Id.* at 574. We rejected the Board's argument that sending the notice of determination to the employer's last known address was sufficient where the employer had requested that notices be sent to another person at a different address. Holding that the delay was caused by a breakdown in the applicable administrative process, we remanded for a hearing on the merits.

We agree that this case is governed by *United States Postal Service.* The delay here was caused by a breakdown in the applicable administrative processes of the Department of Labor & Industry. Employer should not be punished for these breakdowns in the system. By statute, Employer was entitled to fifteen calendar days to evaluate the UC Center's decision and decide whether to appeal, giving it at least until July 3, 2003 to appeal.[8] It filed on July 1, 2003, which satisfied the statutory limit. Any other result would allow the government to exploit its own mistakes in derogation of the statute.

Accordingly, we reverse and remand to the Board for a hearing on the merits of Employer's appeal.

---

7. As is this case, the error was in the zip code.

8. Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 821(e), provides that determinations of the UC Center become final unless employer "within fifteen calendar days after

## ORDER

AND NOW, this 24th day of June, 2004, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed, and this matter is remanded for a hearing on the merits of appeal.

Jurisdiction relinquished.

DISSENTING OPINION BY Judge McGINLEY.

I respectfully dissent to the majority's conclusion that "[t]he delay here was caused by a breakdown in the applicable administrative processes of the Department of Labor and Industry. Employer should not be punished for these breakdowns in the system."

The majority states:

By statute, Employer was entitled to fifteen calendar days to evaluate the UC Center's decision and decide whether to appeal, giving it at least until July 3, 2003 to appeal. It filed on July 1, 2003, which satisfied the statutory limit. Any other result would allow the government to exploit its own mistakes in derogation of the statute. (Footnote omitted).

Majority Opinion at 471.

However, the majority disregards the Board's critical finding "that the employer was not misinformed or misled by the unemployment compensation authorities concerning its right or the necessity to appeal." Board Decision, November 7, 2003, Finding of Fact No. 6 at 1. In unemployment compensation proceedings, the Board is the ultimate fact-finding body empow-

such notice was delivered to him personally, or was mailed to his last known post office address...." Since the notice here was sent on June 18, 2003, Employer had until July 3, 2003 to appeal. In this respect, this case does not raise a *nunc pro tunc* issue.

ered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded to evidence. *Unemployment Compensation Board of Review v. Wright*, 21 Pa.Cmwlth. 637, 347 A.2d 328 (1975). This Court must not interfere with the Board's fact-finding role.

In *Cook v. Unemployment Compensation Board of Review*, 543 Pa. 381, 671 A.2d 1130 (1996), Willie Cook's (Cook's) application for benefits was denied. Before the appeal period had expired, he collapsed and was hospitalized. By the time Cook was released from the hospital, the deadline passed. His appeal to the referee was dismissed as untimely. Subsequently, the Board and this Court affirmed. However, our Pennsylvania Supreme Court determined that Cook, whose appeal was four days late because he was hospitalized, should have been allowed to appeal *nunc pro tunc*. The Supreme Court stated:

[W]here an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal nunc pro tunc.

*Id.* at 384–385; 671 A.2d at 1131.

Here, it is undisputed that Employer received the service center's determination beyond the appeal deadline. Unlike Cook, Employer did not promptly appeal after learning of the untimeliness. Nor did Employer seek leave to appeal *nunc pro tunc* but filed the standard form UC–46B REV 9–01 (Petition for Appeal) issued by the Department of Labor and Industry, UC Benefit Program. Further, the record contains no explanation why Employer delayed twelve days before filing its appeal, when the opportunity to do so was readily available.

Although the Supreme Court has not specified how many days is a "short time," this Court has considered whether an eleven-day delay was unreasonable. In *Stanton v. Department of Transportation, Bureau of Driver Licensing*, 154 Pa.Cmwlth. 350, 623 A.2d 925 (1993), this Court addressed the issue of whether the Court of Common Pleas of Luzerne County (trial court) properly denied Robert Allen Stanton's (Stanton) petition for leave to appeal *nunc pro tunc*. On January 14, 1992, the Department of Transportation, Bureau of Driver Licensing (DOT) notified Stanton that his driving privileges would be suspended for one year. Before the thirty-day appeal period expired on February 13, 1992, Stanton visited the Cappellini law office and spoke to the office manager about an appeal. Thereafter, the office manager missed work from February 10, to February 17, due to her daughter's medical emergency. On February 28, 1992, counsel filed Stanton's petition for leave to appeal *nunc pro tunc*, and the trial court denied his petition.

This Court determined that:

Licensee's [Stanton's] petition for leave to appeal nunc pro tunc must be denied because although the office manager returned on February 17, the petition was not filed until February 28, *eleven days* after her return. As we noted in *Department of Transportation, Bureau of Traffic Safety v. Johnson*, 131 Pa.Commonwealth Ct. 51, 569 A.2d 409 (1990), a petitioner in an appeal nunc pro tunc must proceed with *reasonable diligence* once he knows of the necessity to take action. (Emphasis added).

*Id.* at 927.

In the present controversy, the twelve-day delay was longer than the lapse in

*Stanton.* As in *Stanton,* Employer failed to proceed with reasonable diligence once Employer knew of the necessity to take action. Employer failed to meet the requirements for an appeal *nunc pro tunc.* The Board did not err when it dismissed Employer's appeal. To hold otherwise would require us to overrule *Stanton* and risk being at odds with the Supreme Court's decision in *Cook.*

The majority places a duty on the Board and, or the referee to inform Employer that it needed to explain why it took twelve days to appeal. Case law has historically and consistently refused to allocate any such burden in this fashion. The majority goes farther and holds that an appellant may not be deprived of the statutory minimum of fifteen days from the personal receipt of the UC Center's determination to appeal. In other words, the majority holds that an appellant satisfies the requirements to appeal *nunc pro tunc* by filing an appeal within the statutory minimum from when the notice was personally delivered. This has never been the law. Even though the UC Center's decision was mailed using the wrong zip code, the notice stated that the last day to appeal was May 27, 2003. Employer received the notice on June 19, 2003, after the appeal period expired. Rather than proceed with reasonable diligence it chose to wait twelve days to file an appeal of the UC Center's decision, and also chose not to offer any explanation for the delay.[1]

Accordingly, I would affirm.

---

1. It is noted that the majority indicates the determination notice was forwarded to counsel. However, a review of the record reveals that Employer's human resource specialist forwarded the determination to the legal administrative assistant who filed an appeal by fax on July 1, 2003. *See* Notes of Testimony, October 14, 2003, at 5, 7–8; Reproduced Record at 46a, 48a–49a.