# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Loubna Bourzgui,                      :
                                          :
                    Petitioner          :
                                            :
                   v.              : No. 246 C.D. 2014
                                          : Submitted: June 27, 2014
Unemployment Compensation   :
Board of Review,              :
                                          :
                  Respondent    :

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                             **FILED:  July 21, 2014**

Loubna Bourzgui (Claimant), *pro se*, petitions for review of the January 22, 2014 order of the Unemployment Compensation Board of Review (Board). The Board determined that Claimant failed to file an appeal from the decision and order issued by the Referee on September 24, 2013 within the requisite fifteen (15) days and that, in accordance with Section 502 of the Unemployment Compensation Law[1] (Law), Claimant's appeal was untimely. The Board further determined that the "filing of the late appeal was not caused by fraud

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822. Section 502 of the Law provides that a decision and order issued by the Referee shall be deemed the final decision of the Board, unless an appeal is taken within fifteen (15) days after the date of the decision and order. 43 P.S. § 822.

or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct," so as to allow the Board to treat Claimant's appeal as though it had been timely filed. *See, e.g., Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996) (An exception to the rule barring late appeals exists if the untimely filing is due to exceptional circumstances such as fraud, a breakdown in the administrative process, or non-negligent conduct on the part of an appellant or counsel.); *UPMC Health System v. Unemployment Compensation Board of Review*, 852 A.2d 467, 470 (Pa. Cmwlth. 2004). For the reasons that follow, we affirm the order of the Board.

Claimant filed an application for unemployment compensation benefits on June 23, 2013 and benefits were initially awarded by the Department of Labor and Industry. (Record Item (R. Item) 5, Notice of Determination; R. Item 19, Board Opinion (Board Op.), Findings of Fact (F.F.) ¶¶1-2.) Claimant's employer, Davita Dialysis, appealed the Department of Labor and Industry's determination, and a hearing on the merits was held before the Referee on September 24, 2013. (R. Item 8, Notice of Hearing; R. Item 9, Employer Exhibits.) On September 24, 2013, following the hearing, the Referee issued a decision and order finding Claimant ineligible to receive unemployment compensation benefits because she voluntarily left work without a necessitous and compelling reason. (R. Item 19, Board Op., F.F. ¶4; R. Item 10, Referee Decision and Order, F.F. ¶10); *see also* Section 402(b) of the Law, 43 P.S. § 802(b) (providing, in relevant part, that "[a]n employe shall be ineligible for compensation for any week… [i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."). A copy of the decision and order issued by the Referee was mailed to the Claimant's last known address,

the mailing was not returned as undeliverable by the post office, and the decision and order clearly advised Claimant of the fifteen (15) days in which Claimant had to perfect an appeal. (R. Item 19, Board Op., F.F. ¶¶5-7; R. Item 10, Referee Decision and Order, Notice of Right to Appeal.) Claimant did not file an appeal until November 18, 2013. (R. Item 11, Claimant's Petition for Appeal; R. Item 19, Board Op., F.F. ¶9.) In order for Claimant's appeal to be timely, the appeal must have been filed on or before October 9, 2013. (R. Item 19, Board Op., F.F. ¶8; R. Item 10, Referee Decision and Order.)

Following Claimant's untimely appeal, Claimant was advised of her right to request a hearing in order to address whether her appeal should be considered timely. (R. Item 13, Remand Hearing Notice.) On December 31, 2013, a hearing was held and Claimant testified that she had not received a copy of the Referee's decision and order. (R. Item 17, Referee Remand Hearing.) In its January 22, 2014 decision and order concluding that Claimant's appeal was untimely, the Board specifically stated that it "finds and concludes that the [C]laimant's allegation that she did not receive the notice of hearing and/or the Referee's decision is not credible." (R. Item 19, Boar Op., Discussion.) As a result of its findings and conclusions, the Board dismissed Claimant's appeal. (*Id*.) The Board declined to reconsider its decision and order. (R. Item 23, Board Denial of Reconsideration.) Claimant appealed the Board's dismissal to this Court. [2]

Before this Court, Claimant argues that she did not voluntarily leave employment without cause of a necessitous and compelling nature. Claimant's

---

[2] Our standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Temple University v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418 n.1 (Pa. 2001).

arguments address the merits of the issues decided by the Referee. Claimant does not argue that her appeal was timely filed or that it should be treated as though it had been timely filed, nor does Claimant point to any evidence of record that would support such an argument.

The burden to establish the right to file an untimely appeal is a heavy one, and it is a burden that is born by the claimant. *Lopresti v. Unemployment Compensation Board of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012). The only evidence presented by Claimant in support of this burden was her own testimony. Claimant testified that she received mail from the post office irregularly at the mobile home park where she lives. (R. Item 17, Referee Remand Hearing at 7.) She further testified that she received all mail from the Unemployment Compensation Service Center and the Board, except the notice of her employer's appeal, the notice of the first hearing before the Referee, and the Referee's decision and order. (*Id.* at 12.) Finally, Claimant testified that when her unemployment compensation ceased, she believed it was due to the federal government shutdown, and that she contacted the Unemployment Compensation Service Center only after the federal government shutdown ended and her unemployment benefits did not resume. (Id. at 10-11.) The Board did not find this testimony credible.

The Board is the ultimate finder of fact in unemployment compensation cases; both the Board's findings and credibility determinations are binding and conclusive on appeal, if supported by substantial evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). Here, the Board did not find Claimant credible. As the only evidence Claimant offered to support her claim that the appeal should be treated as timely is her testimony, Claimant has failed to meet her heavy burden. The appeal

provisions of the Law are mandatory; failure to file an appeal within the required fifteen (15) days, without proof of exceptional circumstances, mandates dismissal. *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). This is exactly what the Board did here. Therefore, we affirm the order of the Board.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Loubna Bourzgui, :
:
           Petitioner :
:
         v. : No. 246 C.D. 2014
:
Unemployment Compensation :
Board of Review, :
:
           Respondent :

# ORDER

AND NOW, this 21st day of July, 2014, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

 

**JAMES GARDNER COLINS, Senior Judge**