IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rose Cineus,               :
           Petitioner        :
                                 :
           v.                     :
                                 :
Unemployment Compensation    :
Board of Review,              :    No. 191 C.D. 2014
           Respondent     :    Submitted: July 11, 2014

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE P. KEVIN BROBSON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                   FILED: August 6, 2014

Rose Cineus (Claimant) challenges the Order of the Unemployment Compensation Board of Review (Board) which affirmed the Referee's denial of benefits under 501(e) of the Unemployment Compensation Law (Law).[1]

The facts, as found by the Board, are as follows:

1. On June 23, 2013, the claimant filed for unemployment compensation benefits.

2. On July 5, 2013, the claimant traveled to Haiti, leaving her daughter behind to collect her mail.

3. On July 11, 2013, the Department of Labor and Industry mailed to the claimant's last known address a determination denying benefits to the claimant.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

4. The claimant received the determination.

5. The determination notified the claimant that July 26, 2013, was the final day to file a valid appeal to a referee.

6. Sometime after July 26, 2013, the claimant's daughter informed her of the determination.

7. On October 6, 2013, the claimant returned from Haiti.

8. The claimant's appeal was filed on October 17, 2013.

9. The unemployment compensation authorities never misinformed or misled the claimant concerning the right or necessity to appeal.

DISCUSSION:

….

The claimant asserts that she was not timely notified of the determination because she was in Haiti. However, the claimant's daughter admitted that the determination was received, but that she did not discuss the determination with the claimant until after the appeal deadline had passed. Therefore, the claimant's untimely appeal was due to her negligent failure to have her mail promptly checked, which is not good cause for an untimely appeal.

Further, even if the claimant's untimely receipt was not caused by her negligence, she must also show that the appeal was filed within a short time after she learned of and had an opportunity to address the untimeliness. Here, however, the claimant already knew of the determination before she returned from Haiti and did not promptly file an appeal when she returned. An eleven-day delay between returning from Haiti and filing an appeal shows negligence rather than reasonable diligence in filing a late appeal after having an opportunity to do so. Therefore, the claimant's appeal from the Department's determination must be dismissed.

2

Board's Decision and Order, January 3, 2014, Findings of Fact Nos. 1-9 and Discussion at 1-2.

Claimant raises three issues on appeal.[2] First, Claimant argues that the Board erred when it affirmed the Referee's denial of benefits because Sears Logistics (Employer) did not attend the hearing on November 7, 2013. Second, Claimant contends that she should not have been fired for damaging property one time during the course of her employment for Employer. Finally, Claimant maintains that her case should not be dismissed.

Section 501(e) of the Law, 43 P.S. §821(e), provides that appeals from determinations contained in any notice required to be furnished by the department must be taken "within fifteen calendar days after such notice was delivered…or was mailed to…(claimant's) last known post office address."

This Court has repeatedly and consistently held that the statutory time limit established for the filing of appeals is mandatory. The appeal period may be extended beyond the statutory limit only where, through acts constituting fraud or its equivalent, the compensation authorities have deprived a claimant of the right to appeal. *Shimko v. Unemployment Compensation Board of Review*, 442 A.2d 726 (Pa. Cmwlth. 1980).

---

[2] This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695 (Pa. Cmwlth. 1994).

3

Our courts also allow, in very limited situations, an appeal *nunc pro tunc* where an appeal is not timely because of non-negligent circumstances, either as they relate to a claimant or his counsel, and the appeal is filed within a short time after the claimant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and the employer is not prejudiced by the delay. *UPMC Health Systems v. Unemployment Compensation Board of Review*, 852 A.2d 467 (Pa. Cmwlth. 2004).

In the present case, Claimant does not challenge the Board's essential findings. The Department mailed the Notice of Determination to Claimant's acknowledged address on July 11, 2013. Claimant traveled to Haiti from July 5, 2013, to October 6, 2013, and received the Notice of Determination when she returned. Notes of Testimony, November 7, 2013, (N.T.) at 16. Claimant's daughter, who did not travel to Haiti, informed her mother the Notice of Determination arrived in the mail but did so after the July 26, 2013, deadline. N.T. at 21. Claimant told her daughter that Claimant would appeal when she returned. N.T. at 21. Claimant did not file an appeal until October 17, 2013, well after July 26, 2013. There was no fraud or breakdown in the administrative process. The Board did not err when it determined the appeal was untimely.[3]

---

[3] Claimant asserts that Employer should have attended the hearing before the Referee. Whether the Employer attended has no bearing on whether Claimant timely appealed. Also, Claimant contends that she should not have been fired. This issue is not relevant to a determination of the timeliness of her appeal.

Accordingly, this Court affirms.

                                  _____

                                  BERNARD L. McGINLEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rose Cineus,                  :
           Petitioner       :
                          :
          v.              :
                          :
Unemployment Compensation  :
Board of Review,           :    No. 191 C.D. 2014
           Respondent   :

# **O R D E R**

AND NOW, this 6th day of August, 2014, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge