# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles A. Heck, Jr.,           :
                Petitioner    :
                            :
          v.                :   No. 1273 C.D. 2018
                            :   Submitted: July 24, 2020
Unemployment Compensation Board   :
of Review,                     :
             Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: October 19, 2020**

Charles A. Heck, Jr. (Claimant) petitions for review of an August 21, 2018 Order of the Unemployment Compensation (UC) Board of Review (Board) that vacated a Referee's Decision and dismissed his appeal as untimely pursuant to Section 501(e) of the UC Law (Law), 43 P.S. § 821(e).[1] Claimant maintains the appeal was untimely as a result of the determinations being sent to an incorrect address, which constitutes a breakdown in the administrative process and warrants *nunc pro tunc* relief. In reaching its decision, the Board relied on Section 35.173 of the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (providing that a determination is final, unless an appeal is filed within 15 days after delivery or mailing of notice).

§ 35.173, to take official notice of the fact that Claimant applied online for benefits, and to then attribute the incorrect address on the claim form to Claimant's actions. The Board, however, did not afford Claimant notice of its intent to do so, or provide Claimant the opportunity to respond as GRAPP requires. Accordingly, we vacate the Board's Order and remand this matter for further proceedings to allow Claimant an opportunity to present any evidence that would refute the Board's finding that Claimant was responsible for the incorrect address.

## I.    BACKGROUND

In May 2017, Claimant filed a claim for UC benefits. The Claim Record states: "Initial Claim taken by INTRNET." (Certified Record (C.R.) Item 1 at 2.) Thereafter, Claimant received UC benefits for a number of weeks until December 13, 2017, when the UC Service Center issued two Notices of Determination finding Claimant ineligible for benefits under Section 402(h) of the Law, 43 P.S. § 802(h), because he was self-employed, and establishing a fault overpayment in the amount of $11,571. (C.R. Item 4.) Both Notices of Determination were addressed to Claimant at **2124** School Road, Hatfield, PA 19440. (*Id.*) They also advised Claimant that the deadline to appeal the determinations was December 28, 2017. The Claim Record shows two UC-325 billing statements were mailed to Claimant also at the same address at 2124 School Road on January 2, 2018, and February 1, 2018, respectively. (C.R. Item 1 at 1.) Following the February 1, 2018 notation on the Claim Record, there are two notations dated February 5, 2018, which state "Clmt says when rec'd the OVP on his claim that he never rec'd an appeal form?" and "advised Clmt to go on line services to print an appeal form then he can fwd it to 0997." (*Id.*) On February 6, 2018, Claimant faxed a Petition for Appeal disputing

2

his self-employment status. (C.R. Item 5.) On the Petition for Appeal, Claimant listed his address as **2421** School Road, Hatfield, PA 19440. (*Id.*)

A hearing was scheduled before a referee on March 9, 2019, to address "[w]hether [Claimant] filed a timely and valid appeal from the initial determination." (C.R. Item 7.) The Notice of Hearing listed Claimant's address as **2124** School Road. (*Id.*) The Notice of Hearing was returned as "not deliverable as addressed[;] unable to forward." (*Id.*) On March 6, 2018, a representative of the Referee's Office called Claimant about a continuance. A Report of Telephone Call on Hearings includes a handwritten notation "address is 2421, not 2124." (C.R. Item 8.) It also includes the following notation: "3/6 – address updated in BORG." (*Id.*) A Notice of Continuance of Hearing was subsequently issued on March 8, 2018, rescheduling the hearing before the Referee to March 22, 2018. (C.R. Item 7.) This notice was mailed to Claimant at 2421 School Road. (*Id.*) A second Notice of Continuance of Hearing was issued, rescheduling the hearing before the Referee to April 5, 2018. (*Id.*) This notice also was mailed to the 2421 School Road address. (*Id.*)

At the rescheduled April 5, 2018 hearing, Claimant appeared, pro se. At the start of the hearing, Claimant identified his address as 2421 School Road, Hatfield. (C.R. Item 9, Hr'g Tr. at 1.) The following exchange between the Referee and Claimant took place:

> R    . . . I'm in the process of identifying the documents that are in the file. R1A was the Notice of Hearing that was returned by the US Postal Service to my office as undeliverable.
>
> C    Yeah, they had the wrong address.
>
> R    Yeah.
>
> C    I never received that . . .

R     And I . . .

C     . . . paperwork ever.

R     . . . and I see that the Notice of Determination also had the number transposed. . . .

(*Id.* at 2.) Accordingly, the Referee indicated, with Claimant's consent, that the Referee would hear evidence of the timeliness issue as well as the merits, although only the timeliness issue was noticed. (*Id.* at 2-3.)

Following the marking and admission of exhibits, the following exchange took place:

R     Did you ever receive the [Notices of] Determination in December? . . . .

C     I don't -- no. (inaudible)

R     Now, on the Determination, it identified your address as 2124 School Road.

C     That's the address, yes.

R     Is that the correct address?

C     2421 School Road?

R     No, they transposed it. They say it was 2124.

C     Oh, yeah, no.

R     Okay.

C     So, that's what I don't understand because my address, I mean, still getting unemployment so that my address was already in the system for all that so.

R     On the Claimant questionnaire form, it was also written as 2124.

4

C     Yes.

R     So, I don't know what happened, if they just typed it in incorrectly or what. But, how did you end up getting the Determination then?

C     I'm not sure honestly. I think I finally got through [to] the Service Center because I finally called because I wasn't getting unemployment and I know that I had claimed when I started making income, you know, so I was trying to get ahold of them and see what happened with that and that's when I found it. They finally said there's a Determination against you. And I guess they never asked me the address at the time because they still had the address wrong apparently.

R     Because we used that same address, the 2124 . . .

C     Yeah.

R     Okay.

C     I mean, I had no idea until so that's why it was as late as it was I'm assuming, you know.

(*Id.* at 4-5.) The remainder of the hearing dealt with Claimant's alleged self-employment.

Following the hearing, the Referee issued a Decision and Order, dated April 11, 2018, finding that Claimant's appeal would be deemed timely because the Notices of Determination were sent to the wrong address. The Referee further found Claimant was engaged in self-employment and, thus, ineligible for UC benefits pursuant to Section 402(h) of the Law. The Referee, however, changed the overpayment from a fault to non-fault overpayment.

Claimant filed an appeal to the Board, challenging the Referee's findings related to self-employment. On August 21, 2018, the Board issued its Opinion and Order, wherein it made the following findings of fact:

5

1. Effective May 26, 2017, the [C]laimant applied for [UC] benefits on the Internet, providing the Department of Labor and Industry [(Department)] with the incorrect address of 2124 School Road, [Hatfield], Pennsylvania.

2. On December 13, 2017, the Department mailed to the claimant's last known, albeit incorrect, address – 2124 School Road – two determinations: (1) denying benefits to him and (2) establishing a[n] $11,571.00 fault overpayment.

3. The claimant did not receive the determinations because they were mailed to his incorrect address.

4. December 28, 2017, was the final day to file a valid appeal [of] the determinations to a referee.

5. The claimant's appeal was filed on February 6, 2018.

(Board Opinion (Op.), Findings of Fact (FOF) ¶¶ 1-5.)

The Board explained that Section 501(e) of the Law is jurisdictional and if an appeal is not filed within the jurisdictional time frame, neither the Board nor the Referee can consider the appeal unless the delay was caused by fraud, a breakdown in the administrative process, or non-negligent conduct. (Board Op. at 2.) While the Referee considered the appeal timely because it was sent to the wrong address, the Board noted that the Referee did not consider whether this case fell within one of the exceptions. The Board stated:

> The [C]laim [R]ecord reveals that the Department had the [C]laimant's incorrect address from the inception of his application for benefits and that the claimant applied for benefits on the Internet, meaning he entered his address or had an opportunity to correct it, rather than relying on someone over the telephone to type what he said. Under these circumstances, the claimant's nonreceipt of the determinations was due solely to his negligence, which does not justify a late appeal.

6

(*Id.*) Accordingly, the Board concluded Claimant's appeal was untimely under Section 501(e) of the Law, vacated the Referee's Order, and dismissed Claimant's appeal.

## II.    PARTIES' ARGUMENTS

Claimant now petitions for review of the Board's Order. On appeal,[2] Claimant argues the Board erred in finding his appeal of the Notices of Determination was untimely under Section 501(e) of the Law. He claims that when a determination is mailed to the wrong address and an appeal therefrom is subsequently late, the courts have generally held this was a breakdown in the administrative process, which is sufficient to deem the appeal timely. Claimant further argues that the Board's findings are not supported by substantial evidence. He specifically challenges the first finding, which states that he provided the Department with the incorrect address when he applied for UC benefits online. "Rather," according to Claimant, "the Board places the blame on [Claimant] without citing specifically where [Claimant] committed an error with submitting the correct address." (Claimant's Brief (Br.) at 13.) Claimant contends "the Board makes a broad claim that [Claimant] must have committed an error since [Claimant] filed an application online" but "does not provide a copy of [Claimant]'s application or any documentation which shows that the error was [Claimant]'s fault." (*Id.* at 13-14.) Claimant further argues that, contrary to the Board's assertions, he did try to correct the error when it was discovered. Claimant alleges he "filed his [a]ppeal from [the Notices of]

---

[2] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

Determination stating the correct address, and even told the [UC] Service Center representative that they were mailing him at the wrong address." (*Id.* at 14.) Despite this, Claimant argues UC authorities continued to send him mail, namely, the initial Notice of Hearing, to the wrong address. Claimant asks the Court to reverse the Board's Order and remand to the Board for a determination on the merits of his appeal under Section 402(h), which is the reason he appealed the Referee's Decision to the Board in the first place.

The Board responds as follows. Its findings of fact are supported by "the [C]laim [R]ecord and the reasonable inferences the Board drew from the [C]laim [R]ecord based on the Board's special knowledge of how a claimant applies and files claims for benefits." (Board's Br. at 5-6.) According to the Board, "[w]hen a finding based on an administrative agency's specialized knowledge is challenged as not supported by substantial evidence because of the quality of the evidence, this Court often defers to the agency's expertise," citing a number of cases and GRAPP. (*Id.* at 6.) Here, the Board argues Claimant's address on the Claim Record is 2124 School Road, and because there are no annotations reflecting the address was changed, it "reasonably inferred that Claimant's address in the [C]laim [R]ecord has been the same since the inception of his application." (*Id.* at 7.) The Board further argues that the Claim Record indicated the initial claim was filed via the Internet and that Claimant must have been the one who provided the wrong address. Therefore, the Board asserts Claimant's appeal was late, not due to an administrative breakdown, but due to his own negligence, which is not a basis for *nunc pro tunc* relief. As for Claimant's assertion that the Board had notice of his correct address and still sent documentation to the wrong address, the Board responds that while Claimant listed his address on his appeal of the Notices of Determination, he did not

8

call any special attention to it being corrected. Further, the Board notes that the subsequent mailing of the Notice of Hearing occurred after the appeal deadline; thus, it is immaterial to whether there was an administrative breakdown because it could not have been a basis for him filing an appeal of the Notices of Determination late. Consequently, the Board asks the Court to affirm its Order.

## III. DISCUSSION

Section 501(e) of the Law governs an appeal of a local Service Center's determination. It provides that:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), **within fifteen calendar days** after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, **such determination of the department, with respect to the particular facts set forth in such notice, shall be final** and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (emphasis added); *see also* 34 Pa. Code § 101.82(a) ("A party seeking to appeal a Department determination shall file an appeal . . . on or before the 15th day after the date on which notification of the decision of the Department was . . . mailed to him at his last known post office address."). It is well settled that "[t]he fifteen-day time period in which to file an appeal is mandatory. If an appeal is not filed within that time limit, the determination becomes final, thereby depriving the Board of jurisdiction over the matter." *UGI Utils., Inc. v. Unemployment Comp. Bd. of Review*, 776 A.2d 344, 347 (Pa. Cmwlth. 2001). Because appeal deadlines are jurisdictional, the party seeking to file a late appeal bears a heavy burden to show that one of the limited circumstances in which an untimely appeal may be considered

9

exists. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Allowable exceptions include fraud or a breakdown in the administrative process, or when there is "a non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979). It is under the second exception – breakdown of the administrative process – that Claimant seeks to proceed. The Board, on the other hand, contends that there was no such breakdown, and instead, it was Claimant's own negligence in providing the incorrect address into his initial Internet claim application that resulted in Claimant not receiving notice and filing an untimely appeal.

The Court has, on a number of prior occasions, held that when notice is sent to an incorrect address, this is a breakdown in the administrative process sufficient to warrant *nunc pro tunc* relief. In *UPMC Health System v. Unemployment Compensation Board of Review*, 852 A.2d 467 (Pa. Cmwlth. 2004), the employer filed an untimely appeal of a notice of determination. The notice of determination had been sent to the employer but included the wrong zip code. As a result, the employer did not receive the notice of determination until after the appeal period expired. The Board dismissed the appeal as untimely. We reversed and remanded for further proceedings. Citing *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572 (Pa. Cmwlth. 1993), we held the failure to mail a notice to a correct address constitutes a breakdown in the administrative process for which a party should not be punished. *UPMC Health Sys.*, 852 A.2d at 471. Because the employer acted promptly upon receiving notice

10

of the determinations, we held the appeal should be considered and remanded for a hearing on the merits. *Id.*

Here, there is no dispute that the Notices of Determination were mailed to the wrong address – 2124 School Road instead of 2421 School Road. The issue is to whom that error should be attributed. The Board, utilizing Section 35.173 of GRAPP, claims it can take official notice of the fact that Claimant filed his claim online and, therefore, provided the incorrect address. Section 35.173 of the GRAPP provides:

> Official notice may be taken by the agency head or the presiding officer of such matters as might be judicially noticed by the courts of this Commonwealth, or any matters as to which the agency by reason of its functions is an expert. Any participant shall, on timely request, be afforded an opportunity to show the contrary. Any participant requesting the taking of official notice after the conclusion of the hearing shall set forth the reasons claimed to justify failure to make the request prior to the close of the hearing.

1 Pa. Code § 35.173.

We have explained that "'[o]fficial notice' is the administrative counterpart of judicial notice and is the most significant exception to the exclusiveness of the record principle." *Skotnicki v. Ins. Dep't*, 146 A.3d 271, 286 (Pa. Cmwlth. 2016) (citing *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 110 (Pa. Cmwlth. 2008)). While Section 35.173 provides that the Board may take official notice of certain facts, the Board focuses on only the first sentence and does not address the remainder of Section 35.173, which requires that a participant have an opportunity to respond to the invocation of official notice in an attempt to show the contrary. This requirement that a party be given the ability to respond is grounded in due process principles. *Pa. Bankers Ass'n v. Pa. Dep't of Banking*, 981 A.2d 975, 995 (Pa.

11

Cmwlth. 2009); *Kyu Son Yi, DVM v. State Bd. of Veterinary Med.*, 960 A.2d 864, 877 n.22 (Pa. Cmwlth. 2008). In *Pennsylvania Bankers*, we explained that before an administrative agency can invoke official notice, the "parties [must] be given notice [that] the adjudicating body is considering specified information." 981 A.2d at 995. "Only in this way can a party's fundamental due process rights of notice and opportunity to be heard be protected." *Id.* (citation omitted).

Here, Claimant did not have the ability to present evidence to challenge the Board's finding that he was responsible for the error in the address. Nor did Claimant have notice that the Board intended to invoke the official notice doctrine. It was not until the Board issued its Order that Claimant had any reason to believe that how the address became part of the record was at issue, and not until the Board filed its brief with this Court that it raised Section 35.173.

Because GRAPP and our precedent require that a party have the opportunity to challenge the correctness of the information of which the administrative agency is taking official notice, which did not occur here, we vacate the Board's Order. We remand this matter for further proceedings to allow Claimant the opportunity to present evidence to refute that Claimant was responsible for the incorrect address, as the Board assumes based upon its knowledge of the claim process and the Department's records.

_____
**RENÉE COHN JUBELIRER,** Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles A. Heck, Jr.,                        :
                    Petitioner               :
                                             :
            v.                               :   No. 1273 C.D. 2018
                                             :
Unemployment Compensation Board              :
of Review,                                   :
                    Respondent               :

# **O R D E R**

**NOW**, October 19, 2020, the Order of the Unemployment Compensation Board of Review, dated August 21, 2018, is hereby **VACATED**, and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge