IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Riccardi,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             :  No. 787 C.D. 2024
                                         :  Submitted:  October 9, 2025
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 21, 2026


          Casey Riccardi (Claimant), proceeding *pro se*, petitions for review of
the April 11, 2024 Order of the Unemployment Compensation Board of Review
(Board).  The Board concluded that Claimant's appeal of the Referee's November
22, 2021 Decision was untimely thereby depriving it of jurisdiction.  We affirm.

          By way of background, Claimant's employment with the Pittsburgh
Water and Sewer Authority (Employer) was terminated for allegedly failing to report
a crack in the windshield of a company vehicle to a supervisor, prompting Claimant
to file a claim for unemployment compensation benefits.  The Service Center,
however, found Claimant ineligible for benefits under Section 402(e) of the

Unemployment Compensation Law (Law).[1] Referee's Decision, 11/22/2021, at Finding of Fact (F.F.) No. 1. The Department of Labor and Industry (Department) provided Claimant with notice of his ineligibility in a Notice of Determination (Notice) mailed to his last known address on August 16, 2021. *Id*. at F.F. Nos. 1-2. The Notice was not returned as undeliverable and informed Claimant that he had 15 days, *i.e.*, until August 31, 2021, to file an appeal therefrom. *Id.* at F.F. Nos. 3-5. Claimant appealed this decision on September 27, 2021, nearly a month after the appeal deadline. *Id*. at F.F. No. 6.

On November 9, 2021, the Department mailed Claimant notice of a telephone hearing to his last known address. Certified Record (C.R) at 49-50. The hearing was scheduled for November 22, 2021, for the purpose of determining whether Claimant filed a timely appeal and whether Claimant was discharged for willful misconduct. *Id*. Claimant did not appear at the hearing. Referee's Decision at 2; C.R. at 62. The Referee therefore dismissed Claimant's appeal pursuant to Section 501(e) of the Law[2] without reaching the willful misconduct issue. C.R. at 62-64. The dismissal was, as above, mailed to Claimant's last known address and informed Claimant that his appeal deadline was December 13, 2021. *Id.* at 61, 65. Nevertheless, Claimant did not file an appeal therefrom to the Board until June 22, 2022. *See id*. at 71.

In an order mailed on September 25, 2023, the Board remanded the matter to a referee to conduct a hearing for the purpose of providing Claimant with

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) of the Law provides that an employee shall be ineligible for any week in which his unemployment is due to his discharge from work for willful misconduct.

[2] *See* Section 501(e) of the Law, 43 P.S. §821(e) (Claimant must file an appeal "no later than [21] calendar days after the 'Determination Date[.]'").

an opportunity to testify as to whether Claimant's appeal to the Board "was, or should be accepted as if, timely filed." Board Order, 9/25/23, at 1-2; C.R. at 90-91. The hearing was held on October 11, 2023, where Claimant and a witness for Employer appeared. Referee's Hearing, 10/11/23, N.T. at 1.

Claimant testified, in pertinent part, that he was not aware of the November 22, 2021 telephonic hearing[3] because he never received notice of it. Referee's Hearing, 10/11/23, N.T. at 5-6. Claimant further acknowledged that he had until December 13, 2021 to file his appeal from the Referee's Decision. *Id*. at 6-7. To this end, Claimant testified that he unsuccessfully contacted the Service Center for help to file his appeal on his cell phone daily from November 25, 2021, through December 13, 2021. *Id*., N.T. at 7-8. Claimant likewise sought the help of multiple members of the General Assembly. Assistance from Senator Wayne D. Fontana's office eventually culminated in the filing of Claimant's June 22, 2022 appeal by fax. *Id*.; *see also* Board's Order, 4/11/23, at F.F. No. 6. When the Referee questioned Claimant as to why he did not use another method for filing his appeal, Claimant responded that he "never received anything in the mail." Referee's Hearing, 10/11/2023, N.T. at 9. However, Claimant acknowledged that all communications from the Department contained the correct address. *Id*. ("I don't dispute that the correct address was [] on these documents, but what I'm saying is I never received these documents.").

---

[3] Although Claimant indicated that the November 22, 2021 hearing was an in-person hearing, *see* Referee's Hearing, 10/11/2023, N.T. at 6, that assertion is belied by the record. *See* C.R. at 38.

The Board ultimately issued a Decision and Order dismissing the June 22, 2022 appeal as untimely on April 11, 2024. Board's Order, 4/11/2024, at 2.[4] In relevant part, the Board recognized the inconsistencies in Claimant's testimony: despite claiming to have never received notice of the Referee's November 22, 2021 decision or its attendant appeal instructions, Claimant also claimed to have known about the 21-day appeal period such that he was actively trying to file an appeal that whole time. *Id*. Even so, Claimant did not manage to file an appeal for more than six months after the December 13, 2021 deadline. *Id*. This timely Petition for Review followed, averring simply: "From the start, [Claimant] was not given a chance." Petition for Review ¶4.

Before this Court,[5] Claimant asserts that: (1) his appeal to the Board should be deemed timely filed[6] *nunc pro tunc*; (2) the conduct resulting in his termination did not amount to willful misconduct; and (3) the Board's extended delay in resolving his claim violated his due process rights. *See* Claimant's Brief at 31.[7] Because Claimant has proffered no adequate excuse for the late filing, we will affirm.

---

[4] Claimant timely filed a reconsideration request to the Board, which the Board denied in a letter mailed on May 13, 2024. C.R. at 149.

[5] Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[6] Claimant raises a fourth issue: whether the proper focus of the proceedings below would have been the underlying merits had his appeal been accepted as timely filed. This issue is fairly subsumed by the timeliness issue, however. As discussed below, this issue is jurisdictional. *See Shea v. Unemployment Compensation Board of Review*, 898 A.2d 31, 33-34 (Pa. Cmwlth. 2006).

[7] Although Claimant's Brief is paginated, the pagination repeats throughout the brief. That is, while the Statement of the Questions Involved spans pages 1-6, Claimant begins his pagination **(Footnote continued on next page…)**

Preliminarily, Section 501(e) of the Law provides:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in the notice . . . no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [Department of Labor and Industry], with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e). This deadline requires strict compliance, as "[f]ailure to appeal before the mandatory deadline creates a jurisdictional defect this Court cannot overlook even 'as a matter of grace or indulgence.'" *Grimwood v. Unemployment Compensation Board of Review*, 322 A.3d 976, 980 (Pa. Cmwlth. 2024) (quoting *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018)); s*ee also Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) ("Appeal periods, even at the administrative level, are jurisdictional and may not be extended . . . otherwise, there would be no finality to judicial action.").

We may still permit an appeal *nunc pro tunc*, "in extraordinary circumstances 'involving fraud or some breakdown in the [C]ourt's operation,' or where the delay is caused by non-negligent circumstances either by the claimant or a third party." *Harris v. Unemployment Compensation Board of Review*, 247 A.3d 1233, 1229-30 (Pa. Cmwlth. 2021) (quoting *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996)). In either case, the claimant bears the heavy burden of proving he is entitled to *nunc pro tunc* relief. *Blast Intermediate*

---

anew for his Summary of the Argument at 1. To avoid any confusion, any citation to Claimant's Brief references electronic pagination.

*Unit No. 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447, 449 (Pa. 1994).

Where untimeliness is the result of fraud or administrative breakdown, the claimant must show "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct . . . ." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). We have found such administrative breakdown to exist when "a referee's decision is mailed to an incorrect address; adequate assistance is not provided to a claimant with cognitive impairment; or an official misleads a litigant as to the proper procedure for filing an appeal." *Id*. (citing *UPMC Health System v. Unemployment Compensation Board of Review*, 852 A.2d 467 (Pa. Cmwlth. 2004); *Lewis v. Unemployment Compensation Board of Review*, 814 A.2d 829 (Pa. Cmwlth. 2003); *Monroe County Board of Assessment Appeals v. Miller*, 570 A.2d 1386 (Pa. Cmwlth. 1990)).

When the untimeliness of a claimant's appeal is caused by non-negligent circumstances,

> either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, *and the time period which elapses is of very short duration*, and the appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

*Cook*, 671 A.2d at 1131 (emphasis added). *See also Lopresti v. Unemployment Compensation Board of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012) (non-negligence must be beyond the claimant's control). The exact duration for this very short period of time has been left undefined, *see UPMC Health System*, 852 A.2d at 472 (McGinley, J., dissenting), but it is typically only a matter of days. *See Stanton*

6

*v. Department of Transportation, Bureau of Driver Licensing*, 623 A.2d 925 (Pa. Cmwlth. 1993) (11-day lapse exceeded threshold for *nunc pro tunc* appeal).

Claimant offers a variety of rationales as to why he should be afforded *nunc pro tunc* relief. As below, Claimant asserts that he never received notice of the November 22, 2021 Hearing. Now, he argues that this *may* have occurred through the Department's own fault: a "monetary determination" sent to him by the Department indicates an incorrect zip code. *See, e.g.*, Claimant's Brief at 38. However, the Board did not dismiss Claimant's appeal for his failure to attend the Referee's November 22, 2021 Hearing, but because Claimant failed to file a timely appeal from the Referee's decision issued that same day to the Board. *See* Board Order, 4/11/23, at 2.

Even so, Claimant admitted that the Notices and Determinations related to the underlying proceedings contained the correct address to the Referee at the Remand Hearing. Referee's Hearing, 10/11/2023, N.T. at 9. In his request to the Board seeking a Remand Hearing, Claimant likewise stated: "I am filing a late appeal because I did not receive the decision. I also did not receive the original determination of ineligibility. While I do not dispute that my correct address is on these documents, they never reached my mailbox and I was unaware of them." Supplemental Record (S.R.) at 5. Indeed, each mailing in the Certified Record, *i.e.*, the Disqualifying Determination, the Notice of the November 22, 2021 Hearing, and the Referee's November 22, 2021 Decision, match the address that Claimant stipulated to at the hearing as well as the address identified in his brief. *See* C.R. at 11, 38, 61; Claimant's Brief at 38.

Claimant next argues that he successfully filed an unknown appeal with the Board in error on December 7, 2021, but the appeal was cancelled at the Service

7

Center's request because "the appeal was mistakenly associated with the financial association rather than the correct issue." *See* Claimant's Brief at 66. This argument suffers from two defects. First, even if accepted as true, it does nothing to suggest that the Service Center committed fraud or that their conduct amounted to administrative breakdown as it relates to the instant appeal. Second, there is no evidence or reference to an unrelated, but cancelled, appeal in the Certified Record. Thus, we may not consider it on appeal to this Court now. *Brown v. Unemployment Compensation Board of Review*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022). We therefore cannot conclude that Claimant carried his burden of demonstrating that *nunc pro tunc* relief is warranted because of the Department's fraud or administrative breakdown.

To the extent that Claimant argues that non-negligent technical errors beyond his control prevented him from timely filing his appeal, we are likewise unpersuaded. As discussed above, even where such an error occurs, the claimant must nevertheless cure this untimely filing within a very short time period. *Cook*, 671 A.2d at 1131. But, here, Claimant did not file his appeal for more than *six months* after the December 13, 2021 deadline. *See also* S.R. at 6.; *Cf. Cook*, 671 A.2d at 1131-32 (four-day lapse following an untimely filing because of the claimant's non-negligent circumstances warranted relief). Thus, even accepting that non-negligent technical errors caused Claimant's untimely filing, it is immaterial: *nunc pro tunc* relief would be inappropriate anyway. Because we have determined that Claimant's appeal of the Referee's November 22, 2021 decision was untimely, the Referee's decision became final, thereby depriving the Board (and this Court) of

jurisdiction to consider the merits of the willful misconduct issue. *See* 43 P.S. §821(e); *Shea*, 898 A.2d at 33.[8]

Accordingly, the Board's April 11, 2024 order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[8] With regard to Claimant's final claim on appeal, beyond identifying this issue in his Statement of the Questions Involved, Claimant does not further develop this argument in the body of his argument. Accordingly, this claim has been waived. *See In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015) (a party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue). To the extent Claimant develops his due process argument at all, he omits any mention of the Board's "prejudicial delay." *See* Claimant's Brief at 45, 47, 70-72.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Riccardi,                        :
                                       :
                    Petitioner         :
                                       :
          v.                           : No. 787 C.D. 2024
                                       :
Unemployment Compensation              :
Board of Review,                       :
                                       :
                    Respondent :


O R D E R


AND NOW, this 21st day of April, 2026, the order of the Unemployment Compensation Board of Review dated April 11, 2024 is **AFFIRMED**.


_____
MICHAEL H. WOJCIK, Judge